Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edmond E. Chang | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3961 | **DATE** | July 20, 2012 |
| **CASE TITLE** | Charles Graham (2012-0323241) vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

As detailed in the Statement below, Plaintiff's motion for leave to proceed *in forma pauperis* [5] is granted. The Court authorizes and orders Cook County Jail officials to deduct $26.76 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The Clerk shall: (1) issue summonses for service of the complaint on the Defendants, (2) attach a Magistrate Judge Consent Form to the summonses for Defendants, (3) send Plaintiff the Form and Instructions for Submitting Documents along with a copy of this order, and (4) terminate the "10 Dist. Police Station" as a Defendant in this action. To track the case, the status hearing set for 07/23/12 is reset to 09/06/12 at 9:30 a.m.

■[For further details see text below.]   Docketing to mail notices.

## STATEMENT

     Plaintiff Charles Graham, a pretrial detainee at Cook County Jail, brings this *pro se* action under 42 U.S.C. § 1983, alleging that three Chicago Police Officers used excessive force during his arrest in July 2011.

     In light of his lack of financial resources, Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $26.76. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

     Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint. Plaintiff alleges that on July 25, 2011, he was he was arrested by Chicago police officers. According to Plaintiff, during the arrest, Officers Vito and Rosen used their fists and batons to beat Plaintiff. In addition, Officer Luque tasered Plaintiff for no reason after Plaintiff had already been restrained. Plaintiff has sufficiently pled an excessive force claim against the named Officers and the City of Chicago is retained as a Defendant for indemnification purposes. The Clerk is directed to terminate the "10 Dist. Police Station" (a non-suable entity) as a Defendant in this action.

     The United States Marshals Service is appointed to serve the Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former CPD employee who can no

| STATEMENT |
|---|
| longer be found at the work address provided by Plaintiff, the City of Chicago shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.<br><br>      Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must include the original and a judge's copy of all filings. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff. |